<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ANN H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br><br> Defendant. | Civil Action No. 25-00257 (SDW) <br><br> **OPINION** <br><br> December 18, 2025 |

**WIGENTON**, District Judge.

Before this Court is Plaintiff Mary Ann H.'s ("Plaintiff")[1] appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner") with respect to Administrative Law Judge J. Samuel Childs' ("ALJ Childs") denial of Plaintiff's claim for widow's / surviving divorced spouse benefits under the Social Security Act (the "Act"). (D.E. 1.) This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper under 42 U.S.C. § 405(g). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

**I.     PROCEDURAL AND FACTUAL HISTORY**

---

[1] Plaintiff is identified only by her first name and last initial in this opinion, pursuant to Standing Order 2021-10, issued on October 1, 2021, available at https://www.njd.uscourts.gov/sites/njd/files/SO21-10.pdf.

Plaintiff entered a ceremonial marriage with Gerald C. Houser ("Mr. Houser") on February 6, 1981 in the State of Georgia. (D.E. 11 (Administrative Record ("R.") at 205.)  Prior to her marriage with Mr. Houser, Plaintiff divorced a prior husband in May 1980. (R. 44.)  Plaintiff and Mr. Houser subsequently divorced on December 14, 1984. (R. 299.)  After her divorce with Mr. Houser, Plaintiff remarried twice, once in 1995 and again in 2003. (R. 233–34, 238.)  Mr. Houser also remarried sometime in 2003 or 2004. (R. 47.)  Mr. Houser died on August 13, 2014. (R. 304.)  His death certificate shows his spouse at the time of his death was Dianne (Thigpen) Jones Houser, not Plaintiff. (R. 308.)

On September 8, 2014, Plaintiff filed an application for widow's / surviving divorced spouse benefits on the wage record of Mr. Houser. (R. 206–15.)  The Social Security Administration ("SSA") initially denied Plaintiff's application on October 13, 2014 and upon reconsideration on October 27, 2014. (R. 152–54, 157–61.)  ALJ Harry E. Siegrist held an administrative hearing on December 12, 2016 and issued a written decision on April 28, 2017 denying Plaintiff's application. (R. 75–83.)  The ALJ found that Plaintiff failed to establish that she was married to the wage earner, Mr. Houser, for a period of ten years prior to their divorce and therefore she was not entitled to survivor benefits under the Act. (R. 82.)

On February 11, 2020, a review hearing was then held before ALJ Glenn M. Embree. (R. 89.)  ALJ Embree issued a written decision on June 25, 2020, again finding that Plaintiff failed to establish that she was married to Mr. Houser for the requisite period to be entitled to survivor benefits. (R. 89–97.)  On September 7, 2020, Plaintiff filed a Request for Review (R. 175–78) and the Appeals Council remanded the matter on April 28, 2022 (R. 84–88.)  Subsequently, on May 11, 2023, a third hearing via telephone was held before ALJ Childs. (R. 14.)  On June 25, 2024, ALJ Childs issued a written decision again finding that Plaintiff was not married to Houser for a

cumulative period of ten years and thus, did not establish that she met the requirements for entitlement to survivor benefits under the Act. (R. 11–29.)

The Appeals Council denied further review on October 16, 2024 (R. 1–5), making the ALJ's decision the Commissioner's final determination. *See* 20 C.F.R. § 416.1455. Plaintiff appealed to this Court; the parties completed briefing. (D.E. 15–18.)

## II. LEGAL STANDARD

When reviewing applications for Social Security benefits, this Court exercises plenary review of legal issues decided by the ALJ and upholds factual findings if supported by substantial evidence. *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024); 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Under the substantial evidence standard, the threshold for evidentiary sufficiency is not high. *Id.* An ALJ's decision cannot be set aside merely because this Court "acting *de novo* might have reached a different conclusion." *Hunter Douglas, Inc. v. N.L.R.B.*, 804 F.2d 808, 812 (3d Cir. 1986). So long as the ALJ's decision sufficiently develops the record and explains its findings to permit meaningful review, the ALJ need not "use particular language or adhere to a particular format" when conducting the analysis. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

## III. DISCUSSION

### A. The ALJ's Decision

On June 24, 2024, ALJ Childs issued a decision concluding that Plaintiff failed to demonstrate that she was married to Mr. Houser for the requisite ten-year period as required by the Act. (R. 24.) Plaintiff asserted that she met the requirement for benefits because she and Mr.

Houser were married for a cumulative period of ten years. Specifically, Plaintiff alleged she entered three marriages with Mr. Houser: (1) a common law marriage between May 30, 1980 and February 5, 1981; (2) a ceremonial marriage between February 6, 1981 and December 14, 1984; and (3) a common law marriage between December 14, 1984 (the last day of the ceremonial marriage) and December 1990 (R. 17, 64-65.)

ALJ Childs found that although Plaintiff and Mr. Houser were in a ceremonial marriage from February 1981 to December 1984, the parties did not enter a common law marriage prior to the ceremonial marriage. (R. 17–24.) In considering whether Plaintiff and Mr. Houser entered a common law marriage before their ceremonial marriage, the ALJ noted that Plaintiff failed to produce the required statements attesting to a common law marriage from two blood relatives of Mr. Houser. (R. 19.) Further, ALJ Childs emphasized that even if Plaintiff and Mr. Houser entered a common law marriage following their ceremonial marriage, Plaintiff would still not meet the ten-year durational requirement. (R. 24.)

### B. Analysis

On appeal Plaintiff seeks reversal or remand of ALJ Childs's decision. (See D.E. 15 ("Mov. Br.") at 6–7.) Plaintiff contends that the ALJ committed legal error by not properly addressing whether Plaintiff and Mr. Houser had an ongoing common law marriage after their legal divorce in 1984. Specifically, Plaintiff argues that ALJ Childs erred by applying the ten-year requirement since Plaintiff and Mr. Houser did not legally end their common law marriage and therefore remained married at the time of his death. (*Id.* at 7.) However, as Plaintiff concedes, this argument was never raised during any of her hearings before the ALJ. (*Id.* at 13.) This Court will not consider Plaintiff's arguments that were not raised before the ALJ as the applicable standard requires this Court to consider whether the ALJ's findings are supported by the substantial

evidence that was before the Court. Accordingly, the sole issue in this case is whether the ALJ's conclusion that Plaintiff failed to produce sufficient evidence of a ten-year period of marriage with Mr. Houser is supported by substantial evidence.

Here, the record before this Court clearly demonstrates that the ALJ's decision was supported by substantial evidence. First, the ALJ correctly found that the Plaintiff did not provide sufficient evidence to show that she and Mr. Houser entered into a common law marriage prior to their ceremonial marriage. Pursuant to 20 CFR § 404.726(b), when either the husband or wife is dead, preferred evidence of a common law marriage is "the signed statements of the one who is alive and those of two blood relatives of the deceased person." The ALJ appropriately determined that Plaintiff did not produce signed statements from two blood relatives of Mr. Houser supporting a common law marriage prior to the February 1981 ceremonial marriage.[2]

The record contains signed statements from Ms. Finch, a reported cousin of Mr. Houser, and Terrence Houser, the biological son of Mr. Houser and Plaintiff. (D.E. 11-1 at 257–59; 264–65.) However, their statements were ripe with inconsistencies that precluded a finding of a common law marriage before the February 1981 ceremonial marriage. For instance, Ms. Finch's statement revealed that she had no prior relationship with Mr. Houser before August 1983, thus her observations cannot support a finding that Plaintiff and Mr. Houser were in a common law marriage prior to their ceremonial marriage in 1981. (*Id.* at 264.) Likewise, Terrence Houser was born in October 1984 and thus cannot provide information about a prior common law marriage before 1981. (D.E. 11 at 217.) Additionally, Terrence Houser stated that details about his parents' relationship were explained to him by others rather than his own personal observations. (D.E. 11-

---

[2] The ALJ properly did not give credence to Plaintiff's other supporting statements as they were not submitted by blood relatives of Mr. Houser as required by 20 CFR § 404.726(b).

1 at 257–59.) Accordingly, this Court is satisfied that ALJ Childs's conclusion that Plaintiff and Mr. Houser did not enter a common law marriage prior to their February 1981 ceremonial marriage is supported by substantial evidence.[3]

Next, ALJ Childs correctly determined that Plaintiff still failed to meet the ten-year requirement even if Plaintiff produced sufficient evidence of a common law marriage with Mr. Houser after their 1984 divorce. Plaintiff and Mr. Houser had a ceremonial marriage between February 6, 1981 and December 14, 1984, a period of three (3) years and ten (10) months. Plaintiff also claimed that she and Mr. Houser entered into a common law marriage immediately after their divorce, which lasted for six years from December 14, 1984 to December 1990. If accepting Plaintiff's timeline as true, this still only amounts to nine (9) years and ten (10) months of marriage, which falls short of the ten-year requirement. Nonetheless, Plaintiff also failed to produce the required statements from at least two blood relatives of Mr. Houser to support a finding of a common law marriage during the period prior to 1990. Accordingly, in reviewing ALJ Childs's decision and the record, this Court finds that the ALJ's conclusions are substantially supported by the evidence.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the ALJ's factual findings were supported by substantial credible evidence in the record and that his legal determinations were correct. The Commissioner's decision is therefore **AFFIRMED**. An appropriate order follows.

                                                   /s/ *Susan D. Wigenton*
                                      **SUSAN D. WIGENTON, U.S.D.J.**

---

[3] Notably, Plaintiff herself does not dispute the ALJ's finding that there was no common law marriage prior to the ceremonial marriage. (*See* D.E. 18 ("Reply. Br.") at 5.)

Orig: Clerk  
cc: Parties